**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

The Honorable Stephen C. Yarbrough

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **UNITED STATES OF AMERCA** | ) | Case No. **1:25-mj-00468-SCY** |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **ERLEND OLSON,** | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

---

**RESPONSE AND MEMORANDUM IN OPPOSITION TO DETENTION MOTION**

---

COMES NOW Defendant Erlend Olson, through attorney Nick Sitterly, and responds as follows to the Government's detention motion:

## I.     STATEMENT OF FACTS

1.     Theia Group International and its associated entities ("TGI" for purposes of this response) were first subjected to the execution of subpoena and search warrants in June of 2021, nearly four (4) years prior to Mr. Olson's arrest on March 17, 2025.

2.     On June 25, 2021, the Government issued and executed Exhibit A (GJ Subpoena (Meridian Vector)) at the Request of AUSA Leslie Goemaat (*id.* at 2) the former AUSA acting as the *de facto* point person along with AUSA Peter Lallas until her replacement by AUSA Rebecca Ross, and Agent Charles Sublett of the Internal Revenue Service who has been the lead agent from the inception of the investigation to the best of Defendant's knowledge. Defendant was in frequent contact with each of these attorneys through counsel.

1

3.     Exhibit B (GJ Subpoena (Theia Holdings)) was issued on or about the same date by the same personnel.

4.     Exhibit C (Search Warrant) was executed on or about the same date as part of a nationwide operation to seize information from TGI, TGI affiliates, officers, and contractors. Execution of this and associated warrants took place in three (3) separate states involving over two-dozen agents. These searches accomplished the seizure of nearly all pertinent materials to the instant indictment nearly four (4) years ago.

5.     Mr. Olson cooperated fully in the search of his home, effects, accounts, and all other manner of requested compliance nearly four (4) years ago.

a.     <u>History and Characteristics: History of Mr. Olson's extensive communication and compliance with the United States in the pre-indictment investigation</u>

6.     Communications between counsel for Mr. Olson and the Government have been extensive and cordial. Mr. Olson proffers that Counsel for the DOJ, including Peter Lallas, the initial key man AUSA, AUSA Goemaat, AUSA Ross, and the supervising attorney AUSA Nannette Davis, have sent 158 emails to counsel in the four (4) years following the TGI raid, have conducted several phone calls regarding all manner of pre-indictment issues.

7.     Defense Counsel attended a meeting, at Mr. Olson's expense, with DOJ Counsel in person in Washington, D.C., on October 3, 2023 to review "reverse proffer" information. (Exhibit D (Goemaat re Meeting).)

8.     At the October 3, 2023 meeting, the Government left no doubt, if there had been any, that they intended to proceed on the exact manner of charges listed in the indictment. (Exhibit E (Goemaat re charges).)

9.      The Government encouraged counsel to discuss the charges and proffered evidence with Mr. Olson.

10.      Mr. Olson underwent an extensive filter review process, in which time Mr. Olson disclosed at least 250 documents comprising many more hundreds of pages voluntarily (The Government seized hundreds of thousands of pages from multiple sources initially and provided copies to counsel during filter review). At no time has the government sought to compel Mr. Olson to comply with warrants or subpoenas or sought contempt or other remedies to force Mr. Olson's compliance.

11.      In the intervening time between June of 2021 and the present, the Government and counsel for Mr. Olson have had extensive communication regarding discovery, particularly the needs of the DOJ filter team assigned to this project, and potential settlement, which involved Counsel for Mr. Olson travelling to Washington, D.C. to meet with United States attorneys for a reverse proffer of information allegedly inculpating Mr. Olson in the charged conspiracy.

b.      <u>Despite the Government's extensive demands and communications, at no point has the Government alleged Mr. Olson's travel or communications to be improper.</u>

12.      At no point in the previous four (4) years have the Government suggested that Mr. Olson has attempted to flee the obviously impending charges at issue in this case. The DOJ has not asked Mr. Olson,

       a.  to restrict his travel,

       b.  to surrender his passport,

       c.  to avoid travelling to certain regions, states, or nations,

       d.  to restrict specific means of travel, such as vehicle, air carrier, or otherwise,

    e.  to maintain contact with the Government or counsel during travel,

    f.  to avoid meeting with specific persons during travel,

    g.  to restrict certain activities during travel.

    c.   <u>The Memorandum cherry-picks bad facts while omitting the above positive facts to create an incorrect narrative</u>

13.    The worst criminal history identified by either the Government or Pretrial Services is over fifteen (15) years old on misdemeanor charges from another State. Even the proffer on these items is thin, alleging without detail violations of probation. Defense Counsel can proffer that the reason for the dearth of detail, after having visited the website for Orange County Superior Court, is that the electronic docket provides only a bare recital of the probation events but not the documents themselves.

14.    Improperly, the Motion tries to leverage an over ten (10) year-old civil business dispute regarding Mr. Olson's former company, Terralliance. (Memo. at 9-10.) The Motion also relies on pending and not yet completed civil litigation at this time.

15.    Neither has the government alleged that Mr. Olson has threatened or intimidated any person, let alone potential witnesses. The Government has not requested, for example, that Mr. Olson

    a.  refrain from contacting individuals,

    b.  limit the scope or topics of communications,

    c.  to refrain from text, email, or phone communications,

16.    Notably, in four (4) years, the Government has not flagged a single communication as problematic from a pretrial detention standpoint or raised objections with Defense Counsel.

d.    Facts relevant to conditions of release

17.    The instant crime is not one alleged to involve illicit narcotics or alcohol.

18.    Following the initial search, Mr. Olson voluntarily sold or surrendered all firearms in his possession to family members and close friends. He currently possesses no firearms. Furthermore, the Government has made no allegation that Mr. Olson possesses contraband or dangerous weapons, *et cetera.*

Mr. Olson has been surviving on funds borrowed from friends and family as well as a modest income for providing technology consulting services. He leases his current residence. Mr. Olson's father, Chris Olson, offers to encumber his real estate and promissory notes as property bond for Mr. Olson's release.

## II.    ARGUMENT

a.    A strict framework and policy against detention sets a high burden for the Government.

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The United States Supreme Court has long recognized the constitutional limits on pretrial detention. *See id.* at 746-48 (holding that restrictions on pretrial release of adult arrestees must be carefully limited to serve a compelling governmental interest). Congress imposed procedural safeguards designed to limit detention to only those instances where it is clearly necessary. *United States v. Holloway*, 781 F.2d 124, 125-126 (8th Cir. 1986); S. Rep. No. 225, 98th Cong. 1st Sess. 8 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3191 (recognizing a detention statute may be constitutionally defective if it "fails to provide adequate procedural safeguards or if it does not limit pretrial detention to cases in which it is necessary to serve the societal interests it is designed to protect").

The statutory scheme of the Bail Reform Act favors pretrial release over detention. *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007); *United States v. Orta*, 760 F.2d 887, 890 (8th Cir. 1985) (en banc). Any doubts regarding release should be resolved in the defendant's favor. *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990). As a result, only in "rare" cases should a court deny pretrial release. *Id.*, *see also United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991) ("Pretrial detention is an exceptional step."); *Sabhnani*, 493 F.3d at 75 (pretrial detention is appropriate for only a limited group of offenders); *Orta*, 760 F.2d at 891 (Congress intended that "very few" defendants would be subject to pretrial detention); *United States v. Singleton,* 182 F.3d 7, 9 (D.C. Cir. 1999) ("Detention until trial is relatively difficult to impose.").

Section 3142 provides that a judicial officer must consider various release options before ordering detention. *See* 18 U.S.C. § 3142(a), (b), & (c). A defendant may be detained only if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required [or] the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). The Act requires a reasonable assurance, not a guarantee. *United States v. Xulam,* 84 F.3d 441, 444 (D.C. Cir. 1996). Any conditions imposed must be the least restrictive to reasonably assure the person's appearance and community safety. 18 U.S.C. § 3142(c)(B).

The Government bears the heavy evidentiary burden to justify pretrial detention. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). The government must meet its burden with respect to flight risk by a preponderance of the evidence, and with respect to danger by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Charley*, 2010 WL 4338094, * 4 (D.N.M. Sept. 9, 2010) (unpublished). Clear and convincing evidence is evidence that "place[s] in the ultimate factfinder an abiding conviction that the truth of its factual contentions are highly

probable." *United States v. Valenzuela-Puentes*, 479 F.3d 1220, 1228 (10th Cir. 2007) (internal quotation marks omitted) (quoting *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984)).

      b.     <u>The United States cannot meet its burden to prove by a preponderance of the evidence that Mr. Olson will not reasonably assure his appearance at court proceedings, where Mr. Olson has been in full communication and compliance with the Government.</u>

      Only a "serious" risk of flight warrants detention. *See* 18 U.S.C. § 3142(f)(2)(A); *see also United States v. Nwokoro,* 651 F.3d 108, 110 (D.C. Cir. 2011) (stressing the risk of flight must be serious). Numerous cases have addressed what is sufficient to establish by a preponderance of the evidence that a case involves a "serious" risk of flight. "In cases where only a serious risk of flight is at issue under § 3142(f)(2), it is generally accepted that more than evidence of the commission of a serious crime and the fact of a potentially long sentence is required to support a finding of serious risk of flight." *United States v. Giordano,* 370 F. Supp. 2d 1256, 1264 (S.D. Fla. 2005) (cited by *United States v. Friedman,* 837 F.2d 48, 49 (2d Cir. 1988)).

      The Motion makes no attempt to argue that Mr. Olson has evaded the Government over the previous four (4) years, or ever, aside from a highly tangential and unsupported argument about DUI probation over ten (10) years prior to the instant charges. In detailing a previous prosecution of Mr. Olson, the Government does not allege a failure to appear or an attempt to thwart or evade the jurisdiction of that Court. Strikingly, the Motion fails to address potential means of securing Mr. Olson's appearance – because there has never been a problem reaching Mr. Olson or obtaining his cooperation. The Government has an impossible question to answer: if Mr. Olson is of such great danger to this Court's jurisdiction and the Government's case, why have they waited five years to secure his detention? Mr. Olson asks the Court to find that he does not pose a serious flight risk.

The memorandum makes a tortured argument that because Mr. Olson postulated a way that his wife might flee the jurisdiction, he therefore intends to do so himself. By this logic, any person or entity that suspects another of malfeasance would be detained as a flight risk. The Government cannot meet its burden through stretched arguments such as this.

        c.    <u>The United States cannot meet its burden to prove by clear and convincing evidence that releasing Mr. Olson will endanger any person or the community.</u>

The Bail Reform Act "authorizes the detention prior to trial of arrestees charged with serious felonies who are found after an adversary hearing to pose a threat to the safety of individuals or to the community which no conditions of release can dispel." *Salerno,* 481 U.S. at 755. To justify the preventative detention portion of the Bail Reform Act, Congress reasoned:

[T]here is a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons. It is with respect to this limited group of offenders that the courts must be given the power to deny release pending trial. S. Rep. No. 225, 98th Cong. 1st Sess. 6-7 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3189.

The exhibits attached to the Motion are poor evidence of Mr. Olson's purported threatening behavior, and are furthermore poor evidence of anything other than Mr. Olson imprudently expressing opinions regarding the intent of the Department of Justice. In four (4) years, these emails represent the best evidence the Government was able to find in favor of detention. No threats are made, no evidence is suppressed or hidden – bear in mind the extensive filter review with which Mr. Olson complied – no hints of violence or inducement are present.

It is frankly beyond the pale for the Government to suggest at this late stage after Mr. Olson's years of compliance and lack of a single incident of improper witness contact that he is

somehow a danger to the Government's case. The Government should have fully accounted for the extensive history underlying these charges in its detention motion.

Inversely, rather than Mr. Olson posing a tampering threat to any aspect of the Government's witnesses or case, Mr. Olson's detention would substantially tamper with Mr. Olson's defense, as Mr. Olson would be unable to maintain employment to pay legal fees, to meet freely and review evidence with counsel rather than having to undergo the arduous process of meetings in detention, to communicate via phone, email, or text message, and would force counsel to travel extensively to effectively meet with Mr. Olson. The Government seems unconcerned with the impact that Mr. Olson's detention would have on his circumstances, all while drawing vague dangers out of a smattering of Mr. Olson's emails.

   d.   <u>The 3142(g) factors favor Mr. Olson's release</u>

In considering a motion for detention and appropriate conditions of release, a court must consider the factors under 18 U.S.C. § 3142(g).

(1) The nature of the crime – The crime at issue is not one of violence, terrorism, controlled substances, firearms, or one of explosives or destructive devices, but instead is an alleged financial crime which unfolded over a period of at least four (4) years, concluding in June of 2021 with the receivership and Government raids of the business.

(2) The Weight of Evidence – The Government alleges from a small selection of documents that Mr. Olson defrauded a number of investors. Yet Motion does not address,

   a.   the authorship and review of said documents by other members of the alleged conspiracy, especially the role of TGI's Chief Financial Officer (not Mr. Olson) in review and affirmation of financial statements to investors,

    b.   the nexus of any alleged falsehood to the alleged reliance of experienced investors,

    c.   the proportion of the alleged $250 million loss that was suffered by small, inexperienced investors as opposed to large institutional investors with more sophisticated means and methods of investigation.

    d.   the cause of the investor loss, or

    e.   the specific actions of the members of the conspiracy vis-à-vis Mr. Olson.

While the Court may weigh the length of Mr. Olson's potential sentence and the weight of evidence as somewhat unfavorable, of the various 3142(g) factors, Courts have deemed the weight of the evidence to be the least important factor. *See, e.g, Townsend,* 767 F.2d at 1408; *United States v. Carrasco-Carrasco,* 2020 WL 7626537 (D. Kansas Dec. 22, 2020) (noting that the weight of the evidence factor "has been deemed the least important of the various [3142(g)] factors because, if the court impermissibly makes a preliminary determination of guilt, the refusal to grant release could become in substance a matter of punishment") (internal quotation marks and citation omitted). Although Mr. Olson acknowledges that the charges against him are serious, and that he is facing a substantial sentence if convicted, he is presumed innocent. *See Stack v. Boyle,* 342 U.S. 1, 4 (1951) ("Unless the right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning."); 18 U.S.C. § 3142(j).

    (3) History and Characteristics

    Mr. Olson's extensive and willing cooperation in this matter is addressed above.

Mr. Olson has resided in Albuquerque, New Mexico with his children during his periods of custody over the children for the previous ten (10) years. His father also lives in Albuquerque, New Mexico and is willing to provide a property bond for Mr. Olson.

While the Motion attempts to use Mr. Olson's misdemeanor charges to show a flight risk, it misperceives the 3142(g) language "record concerning appearance at court proceedings." The bald recitals of probation violations in Mr. Olson's fifteen (15) year-old misdemeanor convictions do not indicate a failure to appear in Court. On the contrary, he did appear and was sanctioned, apparently, for violating probation. This is not applicable to the 3142 language.d

The Motion cites not a single case to support its reliance on prior *civil* litigation in Mr. Olson's past. Mr. Olson asks the Court to disregard this information in its entirely.

Therefore, Mr. Olson asks the Court to find that the 3142(g) factors favor his release.

### III.    CONCLUSION

Mr. Olson therefore asks this Court to deny the Motion and set reasonable conditions to allow his release on his own recognizance.

Respectfully Submitted,

SITTERLY LAW FIRM, LLC

/s/ Nick Sitterly
NICK SITTERLY
Attorney for the Plaintiff
500 Marquette Ave. NW
Suite 1200
Albuquerque, NM 87102-2121
P: (505) 314-1318
F: (866) 610-0455

I hereby certify that the foregoing pleading was served
on all parties via the CM/ECF filing system on March 19, 2025.

/s/ Nick Sitterly
_____

<u>/s/ Nick Sitterly</u>
Attorney for Defendant



U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

Judiciary Center
555 Fourth St. N.W.
Washington, D.C. 20530

June 25, 2021

<u>VIA Hand Delivery</u>

Meridian Vector Corporation
Attn: Custodian of Records
1600 Market Street
Suite 1320
Philadelphia, PA 19103

              Re:    Grand Jury Subpoena #GJ2021062578910
                     USAO #2020R01311

Dear Sir/Madam:

       Pursuant to a criminal investigation being conducted by the United States Attorney's Office, it is required that you furnish the requested records as described in the attached subpoena.

       **In lieu of personally appearing before the Grand Jury on the date indicated, you may comply with this grand jury subpoena by promptly providing the agent designated in the attachment with the requested records.** If you choose to provide the requested records voluntarily, please provide them in a non-proprietary electronic format via FedEx, UPS or DHL. Also enclosed please find a blank "Declaration of Custodian of Records" form. It may save time and costs if an appropriate person at your business could complete the form and return it with the records. A properly completed "Declaration of Custodian of Records" form will make it more likely that we could present the records at trial without requiring you or another employee to come to court and testify.

       Although you are not required to do so, you are requested not to disclose the existence of this subpoena or the fact of your compliance. Any such disclosure could impede the investigation being conducted and thereby interfere with the enforcement of the law. Thank you for your cooperation in this matter.

                      Sincerely,

                      Channing D. Phillips
                      Acting United States Attorney

By:    *Leslie a. Goemaat*
                      Leslie A. Goemaat
                      Assistant United States Attorney
                      202-252-6971

AO 110 (Rev. 06/09) Subpoena to Testify Before a Grand Jury

# UNITED STATES DISTRICT COURT
## for the
### District of Columbia
### SUBPOENA TO TESTIFY BEFORE A GRAND JURY

To:   Meridian Vector Corporation
      Attn: Custodian of Records
      1600 Market Street
      Suite 1320
      Philadelphia, PA  19103

**YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA <br> U.S. Courthouse, 3rd Floor  **Grand Jury #21-4, Case # 91** <br> 333 Constitution Avenue, N.W. <br> Washington, D.C. 20001 | Date and Time: <br> **Tuesday, July 6, 2021 at 9:00 AM** |
|---|---|

You must also bring with you the following documents, electronically stored information, or objects:

### PLEASE SEE ATTACHMENT

**In lieu of personally appearing before the Grand Jury on the date indicated, you may comply with this grand jury subpoena by promptly providing the agent designated in the attachment with the requested records.**

Date: June 25, 2021

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

The name, address, telephone number and email of the Assistant United States Attorney, who requests this subpoena, are:

Leslie A. Goemaat, Assistant United States Attorney
United States Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, DC  20530
Phone: 202-252-6971    Fax: 202-307-2304
Email: leslie.goemaat@usdoj.gov

Subpoena #GJ2021062578910
USAO #2020R01311
Preparer: MANDRADE

## SUBPOENA ATTACHMENT
#GJ2021062578910
USAO #2020R01311

**Issued To:**
Custodian of Records
Meridian Vector Corporation
1600 Market Street
Suite 1320
Philadelphia, PA 19103

For the period of January 1, 2015 - Present

All corporate records and books of account relative to the financial transactions of:

**Meridian Vector Corporation**

██████████████████

To include **but not limited** to:

Information regarding compensation in any form paid to Officer, Director, Employee or Contractor including but not limited to **Erlend Olson, John Gallagher, James Hickey, Paul Carroll, Joseph Fargnoli, and Stephen O'Neill.**

Information regarding all corporate and monetary transactions with and benefiting, to include those transactions with companies controlled by or meant to compensate the following individuals and/or entities: **Erlend Olson, John Gallagher, James Hickey, Paul Carroll, Joseph Fargnoli, Stephen O'Neill, Theia Group Incorporated, Meridican Inc., Gallagher Law PC, Ritre Corporation, and all other entities, both foreign and domestic.**

**All agreements with Theia Group Incorporated and other third parties about compensation of Theia Group Incorporated Officers, employees, or contractors.**

All investor Information, to include an investor listing, communications with potential and current investors, valuation materials, investor "pitch" materials, prospectuses, financial statements provided to potential investors, non-disclosure agreements and any other information provided to investors in an attempt to solicit investments. Provide any and all information regarding payments to and from investors.

All business contracts/ contracts to provide services with any customer including the United States Government, Foreign Governments, or others. This is to include contracts that are "Classified", Sensitive, or baring any other classification.

All Payroll Records including but not limited to: Payroll Summary Reports, Payroll Details Reports, records and correspondence regarding payroll with Paychex Payroll or any other third-party payroll services. Employee Names, Addresses and Contact information.

All information regarding payments to consultants and independent contractors. Including but not limited to invoices for services, payment instructions, etc.

**ALL CORPORATE BOOKKEEPING RECORDS** and other financial records including General Ledger, General Journals, all Subsidiary Ledgers and Journals, Gross Receipts and income records, Cash Receipts and Disbursement records and/or Journals, sales and Purchase records and/or Journals, Accounts Receivable and Payable Ledgers and records, Bad Debt records, Cost of Goods Sold records, Loan Receivable and Payable Ledgers, Voucher Register and all sales and expense invoices including all invoices documenting expenses paid by cash (currency ) or bank check (cashier or teller checks), retained copies of any bank checks (cashier or teller checks) or by wire transfer, funds transfer, ACH, etc.

Records and work-papers reflecting the purchase, basis and depreciable life of assets. Records and work-papers of sales of corporate assets such records disclosing the dates of purchase and sale, cost and sales price, records establishing or adjusting asset basis.

Corporate Minute Book, Stock Register or other records reflecting ownership of corporate stock. All correspondence with corporate officers or other associated individuals, specifically **Erlend Olson, John Gallagher, James Hickey, Paul Carroll, Joseph Fargnoli, Stephen O'Neill**. All financial statements, bookkeeper's and/or accountant's workpapers used in the preparation of corporate records or tax returns. Retained copies of all federal and state income, payroll and other tax returns.

SAVINGS ACCOUNT RECORDS: Including passbooks or bank statements, records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, records reflecting the identity of checks deposited, withdrawal slips, and records disclosing the disposition of withdrawals, Forms 1099, debit and credit memos. Records of any certificates of deposit, money market certificates, U.S. Treasury Notes or Bills purchased.

CHECKING ACCOUNT RECORDS: Including bank statements, deposit slips, records revealing the identity of checks drawn on the account, checks deposited, all debit and credit memos, and Forms 1099 issued. **All wire information including the receiving accounts and ultimate beneficiary of the wire**.

LOAN RECORDS: Including applications, financial statements, loan collateral, credit and background investigations required, loan agreements, notes or mortgages, settlement sheets, contracts, retained copies of checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash, check, wire, ACH, funds transfer, etc.), checks, wires, ACHs, funds transfers, etc. used to repay loans and a record disclosing the total amount of discount or interest paid annually, records of any liens, loans correspondence files and internal memoranda relative to these loans.

All rental/ lease agreements.

**Do NOT produce attorney-client privileged information or communications.**

RECORD FORMAT: In addition to hard copies, records are requested in the form of magnetic media. Via **email, file sharing sites, or compact disks (CDs) are preferred**. ASCII fixed length files are preferred, however, ASCII delimited format is acceptable. A record layout for the data is also requested.

**Please send the requested materials to: Special Agent Charles W. Sublett, IRS-CI. Email transmission to <u>Charles.sublett@ci.irs.gov</u> is preferred.** Please call SA Sublett at 202-515-4062 with any questions. If necessary, records may be sent to

SA Charles Sublett
IRS-Criminal Investigation
1200 1st Street NE
Suite 4200
Washington, DC 20002

**Please do not disclose the existence of this subpoena to the individual or any third party.**

## INSTRUCTIONS FOR PRODUCTION OF RECORDS

I.  **General:**
   a.  Records existing as **Electronically Stored Information (ESI)** shall be produced in **non-proprietary electronic form** and shall include text data and image data held:
      i.  In your record retention systems; and/or
      ii.  By your technology, data, or other service provider(s).
   b.  Records that do not exist as ESI may be produced in paper or other original format and may be converted to image or text data and provided as ESI, unless originals are required.

II.  **Text Data**
   a.  Text data relating to transactions shall be produced within a data file:
      i.  Using a delimited ASCII text data format; or
      ii.  Using software that can export to a commonly readable, non-proprietary file format without loss of data.
   b.  Text data files relating to transactions shall include field descriptions (e.g., account number, date/time, description, payee/payor, check number, item identifier, and amount).

III.  **Image Data**
   a.  Image data shall be produced in graphic data files in a commonly readable, non-proprietary format with the highest image quality maintained.
   b.  Image data of items associated with transactions (e.g., checks and deposit slips) shall be:
      i.  Produced in individual graphic data files with any associated endorsements; and
      ii.  Linked to corresponding text data by a unique identifier.

IV.  **Encryption/Authentication**
   a.  ESI may be transmitted in an encrypted container *(e.g. flash drive, CD/DVD)*. Decryption keys and/or passwords shall be produced separately at the time the data are produced.  *Please do not encrypt individual file contents if the container is encrypted.*
   b.  Authentication, such as hash coding, may be set by agreement.
   c.  Affidavits or certificates of authenticity may be included as part of the electronic production.

## DECLARATION OF CUSTODIAN OF RECORDS

Pursuant to 28 U.S.C. §1746, I, the undersigned, hereby declare:

My name is _____ .
                        *(name of declarant)*

  I am a United States citizen and I am over eighteen years of age.  I am the custodian of records of the business named below, or I am otherwise qualified as a result of my position with the business named below to make this declaration.  I have knowledge of the record keeping system used by this business; this includes how records are created and maintained.

  I am in receipt of a United States District Court Subpoena #GJ2021062578910 dated June 25, 2021, signed by Assistant United States Attorney <u>Leslie A. Goemaat</u>, requesting specified records of the business named below.

  Attached hereto are _____ pages of records regarding _____
                      *(Brief description  of type of documents being subpoenaed)*
_____ responsive to the subpoena.  I understand how these responsive documents were created.  Pursuant to Rules 902(11) and 803(6) of the Federal Rules of Evidence, I hereby certify that the records attached hereto are:

  (1) were made at or near the time of the occurrence of the matters set forth in the records, by, or from information transmitted by, a person with knowledge of those matters;

  (2) were kept in the course of regularly conducted business activity, in that the records were created and preserved pursuant to established procedures, and were relied upon by an employee or this business; and

  (3) were made as part of the regularly conducted business activity as a regular practice, in that the records were created and preserved as part of routine reflections of the normal operations of this business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____ .
         *(date)*

             _____
             *(signature of declarant)*

             _____
             *(name and title of declarant)*

             _____
             *(name of business)*

             _____
             *(business address)*

             _____
             *(business address)*

<u>Definitions of terms used above</u>:

As defined in Fed.R.Evid. 803(6), "record" includes a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses.  The term "business" as used in Fed.R.Evid. 803(6) and the above declaration includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.



U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*
*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20530*

June 25, 2021

<u>VIA Hand Delivery</u>

Theia Holdings A Inc.
Attn: Custodian of Records
1455 Pennsylvania Ave. NW
Suite 800
Washington, DC 20004

           Re:    Grand Jury Subpoena #GJ2021062578918
                   USAO #2020R01311

Dear Sir/Madam:

       Pursuant to a criminal investigation being conducted by the United States Attorney's Office, it is required that you furnish the requested records as described in the attached subpoena.

       **In lieu of personally appearing before the Grand Jury on the date indicated, you may comply with this grand jury subpoena by promptly providing the agent designated in the attachment with the requested records.** If you choose to provide the requested records voluntarily, please provide them in a non-proprietary electronic format via FedEx, UPS or DHL. Also enclosed please find a blank "Declaration of Custodian of Records" form. It may save time and costs if an appropriate person at your business could complete the form and return it with the records. A properly completed "Declaration of Custodian of Records" form will make it more likely that we could present the records at trial without requiring you or another employee to come to court and testify.

       Although you are not required to do so, you are requested not to disclose the existence of this subpoena or the fact of your compliance. Any such disclosure could impede the investigation being conducted and thereby interfere with the enforcement of the law. Thank you for your cooperation in this matter.

                         Sincerely,

                         Channing D. Phillips
                         Acting United States Attorney

By:    *Leslie a. Goemaat*
         Leslie A. Goemaat
         Assistant United States Attorney
         202-252-6971

AO 110 (Rev. 06/09) Subpoena to Testify Before a Grand Jury

# UNITED STATES DISTRICT COURT
for the

**District of Columbia**

**SUBPOENA TO TESTIFY BEFORE A GRAND JURY**

To:    Theia Holdings A Inc.
Attn: Custodian of Records
1455 Pennsylvania Ave. NW
Suite 800
Washington, DC  20004

**YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place:  U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA<br>U.S. Courthouse, 3rd Floor    **Grand Jury #21-4, Case # 91**<br>333 Constitution Avenue, N.W.<br>Washington, D.C. 20001 | Date and Time:<br>**Tuesday, July 6, 2021 at 9:00 AM** |
| --- | --- |

You must also bring with you the following documents, electronically stored information, or objects:

**PLEASE SEE ATTACHMENT**

**In lieu of personally appearing before the Grand Jury on the date indicated, you may comply with this grand jury subpoena by promptly providing the agent designated in the attachment with the requested records.**

Date:  June 25, 2021

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, telephone number and email of the Assistant United States Attorney, who requests this subpoena, are:

Leslie A. Goemaat, Assistant United States Attorney
United States Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, DC  20530
Phone: 202-252-6971   Fax: 202-307-2304
Email: leslie.goemaat@usdoj.gov

Subpoena #GJ2021062578918
USAO #2020R01311
Preparer:  MANDRADE

Response in Opposition to Detention Motion
Exhibit B 2

## SUBPOENA ATTACHMENT
#GJ2021062578918
USAO #2020R01311

**Issued To:**
Custodian of Records
Theia Holdings A Inc.
1455 Pennsylvania Ave. NW
Suite 800
Washington, DC 20004

For the period of January 1, 2015 - Present

All corporate records and books of account relative to the financial transactions of:

**Theia Holdings A Inc.**

███████████████

To include **but not limited** to:

Information regarding compensation in any form paid to Officer, Director, Employee or Contractor including but not limited to **Erlend Olson, John Gallagher, James Hickey, Paul Carroll, Joseph Fargnoli, and Stephen O'Neill.**

Information regarding all corporate and monetary transactions with and benefiting, to include those transactions with companies controlled by or meant to compensate the following individuals and/or entities: **Erlend Olson, John Gallagher, James Hickey, Paul Carroll, Joseph Fargnoli, Stephen O'Neill, Theia Group Incorporated, Meridican Inc., Meridian Vector, Gallagher Law PC, Ritre Corporation, and all other entities, both foreign and domestic.**

**All agreements with Theia Group Incorporated and other third parties about compensation of Theia Group Incorporated Officers, employees, or contractors.**

All investor Information, to include an investor listing, communications with potential and current investors, valuation materials, investor "pitch" materials, prospectuses, financial statements provided to potential investors, non-disclosure agreements and any other information provided to investors in an attempt to solicit investments. Provide any and all information regarding payments to and from investors.

All business contracts/ contracts to provide services with any customer including the United States Government, Foreign Governments, or others. This is to include contracts that are "Classified", Sensitive, or baring any other classification.

All Payroll Records including but not limited to: Payroll Summary Reports, Payroll Details Reports, records and correspondence regarding payroll with Paychex Payroll or any other third-party payroll services. Employee Names, Addresses and Contact information.

All information regarding payments to consultants and independent contractors. Including but not limited to invoices for services, payment instructions, etc.

**ALL CORPORATE BOOKKEEPING RECORDS** and other financial records including General Ledger, General Journals, all Subsidiary Ledgers and Journals, Gross Receipts and income records, Cash Receipts and Disbursement records and/or Journals, sales and Purchase records and/or Journals, Accounts Receivable and Payable Ledgers and records, Bad Debt records, Cost of Goods Sold records, Loan Receivable and Payable Ledgers, Voucher Register and all sales and expense invoices including all invoices documenting expenses paid by cash (currency ) or bank check (cashier or teller checks), retained copies of any bank checks (cashier or teller checks) or by wire transfer, funds transfer, ACH, etc.

Records and work-papers reflecting the purchase, basis and depreciable life of assets.  Records and work-papers of sales of corporate assets such records disclosing the dates of purchase and sale, cost and sales price, records establishing or adjusting
asset basis.

Corporate Minute Book, Stock Register or other records reflecting ownership of corporate stock. All correspondence with corporate officers or other associated individuals, specifically **Erlend Olson, John Gallagher, James Hickey, Paul Carroll, Joseph Fargnoli, Stephen O'Neill**. All financial statements, bookkeeper's and/or accountant's workpapers used in the preparation of corporate records or tax returns.  Retained copies of all federal and state income, payroll and other tax returns.

SAVINGS ACCOUNT RECORDS:  Including passbooks or bank statements, records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, records reflecting the identity of checks deposited, withdrawal slips, and records disclosing the disposition of withdrawals, Forms 1099, debit and credit memos.  Records of any certificates of deposit, money market certificates, U.S. Treasury Notes or Bills purchased.

CHECKING ACCOUNT RECORDS:  Including bank statements, deposit slips, records revealing the identity of checks drawn on the account, checks deposited, all debit and credit memos, and Forms 1099 issued. **All wire information including the receiving accounts and ultimate beneficiary of the wire**.

LOAN RECORDS:  Including applications, financial statements, loan collateral, credit and background investigations required, loan agreements, notes or mortgages, settlement sheets, contracts, retained copies of checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash, check, wire, ACH, funds transfer, etc.), checks, wires, ACHs, funds transfers, etc. used to repay loans and a record disclosing the total amount of discount or interest paid annually, records of any liens, loans correspondence files and internal memoranda relative to these loans.

All rental/ lease agreements.

**Do NOT produce attorney-client privileged information or communications.**

RECORD FORMAT: In addition to hard copies, records are requested in the form of magnetic media.  Via **email, file sharing sites, or compact disks (CDs) are preferred**. ASCII fixed length files are preferred, however, ASCII delimited format is acceptable.  A record layout for the data is also requested.

**Please send the requested materials to: Special Agent Charles W. Sublett, IRS-CI. Email transmission to <u>Charles.sublett@ci.irs.gov</u> is preferred.** Please call SA Sublett at 202-515-4062 with any questions. If necessary, records may be sent to

SA Charles Sublett
IRS-Criminal Investigation
1200 1st Street NE
Suite 4200
Washington, DC 20002

**Please do not disclose the existence of this subpoena to the individual or any third party.**

Response in Opposition to Detention Motion
Exhibit B 5

# INSTRUCTIONS FOR PRODUCTION OF RECORDS

I.    **General:**
   a.   Records existing as **Electronically Stored Information (ESI)** shall be produced in **non-proprietary electronic form** and shall include text data and image data held:
      i.   In your record retention systems; and/or
      ii.  By your technology, data, or other service provider(s).
   b.   Records that do not exist as ESI may be produced in paper or other original format and may be converted to image or text data and provided as ESI, unless originals are required.

II.   **Text Data**
   a.   Text data relating to transactions shall be produced within a data file:
      i.   Using a delimited ASCII text data format; or
      ii.  Using software that can export to a commonly readable, non-proprietary file format without loss of data.
   b.   Text data files relating to transactions shall include field descriptions (e.g., account number, date/time, description, payee/payor, check number, item identifier, and amount).

III.  **Image Data**
   a.   Image data shall be produced in graphic data files in a commonly readable, non-proprietary format with the highest image quality maintained.
   b.   Image data of items associated with transactions (e.g., checks and deposit slips) shall be:
      i.   Produced in individual graphic data files with any associated endorsements; and
      ii.  Linked to corresponding text data by a unique identifier.

IV.   **Encryption/Authentication**
   a.   ESI may be transmitted in an encrypted container *(e.g. flash drive, CD/DVD)*. Decryption keys and/or passwords shall be produced separately at the time the data are produced.  *Please do __not__ encrypt individual file contents if the container is encrypted.*
   b.   Authentication, such as hash coding, may be set by agreement.
   c.   Affidavits or certificates of authenticity may be included as part of the electronic production.

# DECLARATION OF CUSTODIAN OF RECORDS

Pursuant to 28 U.S.C. §1746, I, the undersigned, hereby declare:

My name is _____ .
*(name of declarant)*

     I am a United States citizen and I am over eighteen years of age. I am the custodian of records of the business named below, or I am otherwise qualified as a result of my position with the business named below to make this declaration. I have knowledge of the record keeping system used by this business; this includes how records are created and maintained.

     I am in receipt of a United States District Court Subpoena #GJ2021062578918 dated June 25, 2021, signed by Assistant United States Attorney <u>Leslie A. Goemaat</u>, requesting specified records of the business named below.

     Attached hereto are ———— pages of records regarding _____
                                     *(Brief description of type of documents being subpoenaed)*
_____ responsive to the subpoena. I understand how these responsive documents were created. Pursuant to Rules 902(11) and 803(6) of the Federal Rules of Evidence, I hereby certify that the records attached hereto:

     (1) were made at or near the time of the occurrence of the matters set forth in the records, by, or from information transmitted by, a person with knowledge of those matters;

     (2) were kept in the course of regularly conducted business activity, in that the records were created and preserved pursuant to established procedures, and were relied upon by an employee or this business; and

     (3) were made as part of the regularly conducted business activity as a regular practice, in that the records were created and preserved as part of routine reflections of the normal operations of this business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
                   *(date)*

                               _____
                               *(signature of declarant)*

                               _____
                               *(name and title of declarant)*

                               _____
                               *(name of business)*

                               _____
                               *(business address)*

                               _____
                               *(business address)*

<u>Definitions of terms used above</u>:

As defined in Fed.R.Evid. 803(6), "record" includes a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses. The term "business" as used in Fed.R.Evid. 803(6) and the above declaration includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means                    ☐ Original                    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
1437 HONEYSUCKLE DRIVE NE ALBUQUERQUE, NEW ) Case No.     **21mr860**
MEXICO 87122 UNDER RULE 41 )
)
)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____New Mexico_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A hereby incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B hereby incorporated by reference

**YOU ARE COMMANDED** to execute this warrant on or before _____July 9, 2021_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Steven C. Yarbrough, U.S. Magistrate Judge_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:     06/25/2021 12:00 pm                                   *Steve Yarbrough*
                                                                                           *Judge's signature*

City and state:     Albuquerque, New Mexico                    Steven C. Yarbrough, U.S. Magistrate Judge
                                                                                    *Printed name and title*

Response in Opposition to Detention Motion
Exhibit C 1

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

| Certification |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched █████████████████████████ ████████ ncluding the garage and the curtilage (the "PREMISES"), further described as a beige single-family home located in a residential neighborhood. The house number ████████ located on the mailbox facing Honeysuckle Drive.

The front door of the property is a wooden door situated under large covered entryway. Images of the front of the property are below:







A1 – 2



**Photo of Rear**



A1 – 3

**ATTACHMENT B**
*Property to be seized*

The items to be seized are fruits, evidence, information, contraband or instrumentalities, in whatever form and however stored, relating to violations of 26 U.S.C. §7201 (attempt to evade or defeat tax); 26 U.S.C. §7203 (willful failure to file return, supply information, or pay tax); 18 U.S.C. §371 (conspiracy); and 1343 (wire fraud); and 31 U.S.C.§5324 (structuring transactions to evade reporting requirement) as described in the search warrant affidavit for the time period of January 1, 2015, through the present, including but not limited to:

    1.    Records and information that constitute evidence of use, control, ownership, of TGI, MVC and any other related or unrelated entities that may have compensated OLSON or his family;

    2.    Records and information reflecting indicia of ownership of TGI, ALL subsidiaries and related entities of TGI, and MVC.

    3.    Personal and business records and other financial records, as follows:

        a.    General Ledgers, General Journals, all Subsidiary Ledgers and Journals,

        b.    Gross Receipts and Income records,

        c.    Cash Receipts and Disbursement records and/or Journals,

        d.    Sales and Purchase records and/or Journals,

        e.    Sales Contracts and agreements with the United States and foreign Governments, including those designated as confidential, highly confidential, sensitive, secret, top secret, classified, etc.

        f.    Accounts Receivable and Payable Ledgers and records,

        g.    Cost of Goods Sold records,

h.    Loan Receivable and Payable Ledgers, Registers, and

i.    All compensation, sales, other service and expense records, including invoices documenting expenses paid by cash (currency) or bank check (cashier or teller checks), wire transfer, ACH, debit card or credit card and retained copies of any bank checks (cashier or teller checks).

4.    Records of the movement, transfer, payment or receipt of funds, money or assets.

5.    Records of the purchase, transfer, sale or other disposition or receipt of assets.

6.    Trial balances, annual, interim or periodic statements, and financial statements reflecting financial conditions of TGI, MVC or related entities.

7.    Bank statements, cancelled checks, check stubs, duplicate checks, check books, check authorization documents, check registers, deposit slips, wire transfers, letter instructions regarding transfers of funds, bank notices, credit memos, certificates of deposit, money orders, trust account records, and records reflecting any cash receipts and cash disbursements, safe deposit box records and keys.

8.    Records regarding loans, promissory notes, notes receivable and notes payable, leases and rentals.

9.    Investment or investor solicitation materials. Any information pertaining to investors in TGI, ALL subsidiaries and related entities of TGI, and MVC and investments made by such investors.

10.    Payroll records, employment applications, employee records, Forms W2, Forms W4, and Forms 1099, as well as any and all records notating cash payments.

B – 2

11.    Records of travel, including airline receipts, travel agent records, and rental agreements.

12.    Federal, State, or City Income or Payroll Tax Returns and related correspondence and supporting documents.

13.    Credit card expense records.

14.    Work papers relating to the certification, preparation and/or accumulation of financial data and tax returns.

15.    Prepared income tax returns.

16.    Electronic and written communications and correspondence in any format relating to the items described above including violations of 26 U.S.C. §§ 7201 (attempt to evade or defeat tax) and 7203 (willful failure to file return, supply information, or pay tax); 18 U.S.C. §§ 371 (conspiracy) and 1343 (wire fraud); and 31 U.S.C. § 5324 (structuring transactions to evade reporting requirement) for the period of January 1, 2015 through the present.

17.    Digital devices used in the commission of, or to facilitate, the above described offenses, including:

    a.    Mobile devices and cellular phones belonging to or used by OLSON and Ms. Olson.

    b.    Computers or storage media used as a means to commit the violations described above, or capable of creating and/or storing any of the evidentiary items described above.

18.    For any digital device which is capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities as described in the search warrant affidavit and above, hereinafter the "Device(s)":

B – 3

a. evidence of who used, owned, or controlled the Device(s) at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software, or lack thereof, that would allow others to control the Device(s), such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the attachment to the Device(s) of other storage devices or similar containers for electronic evidence;

d. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device(s);

e. evidence of the times the Device(s) was used;

f. passwords, encryption keys, and other access devices that may be necessary to access the Device(s);

g. documentation and manuals that may be necessary to access the Device(s) or to conduct a forensic examination of the Device(s);

h. records of or information about Internet Protocol addresses used by the Device(s);

i. records of or information about the Device(s)'s Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages,

B – 4

search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

19.     Routers, modems, and network equipment used to connect computers to the Internet.

20.     Records and information that constitute evidence of the state of mind of OLSON, HICKEY, GALLAGHER and other possibly unknown co-conspirators, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, or knowledge and experience, related to the criminal activity under investigation; and

21.     Records and information that constitute evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with OLSON, HICKEY, GALLAGHER and other possibly unknown co-conspirator about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts.

22.     Suspected subsidiaries and related entities include but are not limited to:

     i.   THEIA AVIATION GROUP

    ii.   THEIA AVIATION, LLC

   iii.   THEIA HOLDINGS A INCORPORATED

   iv.   THEIA AIRCRAFT GROUP INCORPORATED

    v.   THEIA-FRANCE SAS

   vi.   THEIA RISK MANAGEMENT SERVICES, INC.

  vii.   THEIA INSURANCE, INC.

 viii.   GROUP ORION LLC

B – 5

   ix.  NEO INVESTMENT HOLDINGS LIMITED

   x.  HYPERION ROCKET SYSTEMS INCORPORATED

   xi.  APPIAN DATA RELAY SYSTEM INCORPORATED

   xii.  RHOMBUS SYSTEMS GROUP INCORPORATED

   xiii.  MOBILE VIDEO SYSTEMS CORPORATION

   xiv.  MEDICAL RESEARCH AND DEVELOPMENT

   xv.  SPECTRUM INTELLIGENT LLC

   xvi.  MOBILE VIDEO CORPORATION

   xvii.  COMMUNICATIONS SYSTEM RESEARCH

   xviii.  TECHNOLOGY RESEARCH AND LICENSING

   xix.  CONTINUUM ENERGY GROUP

   xx.  MERIDICAN INC.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "digital devices" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop computers, laptop computers, notebooks, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors,

Response in Opposition to Detention Motion
Exhibit C 11

and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, USB flash drives, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); security devices; and any other type of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions.

<u>FILTER REVIEW</u>

If the government identifies seized materials that are potentially attorney-client privileged or subject to the work product doctrine ("protected materials"), the Prosecution Team will discontinue review until a Filter Team of government attorneys and agents is established. The Filter Team will have no future involvement in the investigation of this matter. The Filter Team will review seized communications and segregate potentially protected materials, *i.e.*, communications that are to/from an attorney, or that otherwise reference or reflect attorney advice. At no time will the Filter Team advise the Prosecution Team of the substance of any of the potentially protected materials. The Filter Team then will provide all communications that are not potentially protected materials to the Prosecution Team and the Prosecution Team may resume its review. If the Filter Team concludes that any of the potentially protected materials are not protected (*e.g.*, the communication includes a third party or the crime-fraud exception applies), the Filter Team must obtain either agreement from defense counsel/counsel for the privilege holder or a court order before providing these potentially protected materials to the Prosecution Team.

Response in Opposition to Detention Motion
Exhibit C 12

Sent at: 10/2/2023 11:37:38 AM

# RE: [EXTERNAL] Re: Meeting

From:  Goemaat, Leslie (USADC) <leslie.goemaat@usdoj.gov>
  To:  Nicholas Sitterly <nick.sitterlylawfirm@gmail.com>
  Cc:  Davis, Nanette L. (TAX) <nanette.l.davis@usdoj.gov>, McCarthy, Colleen (TAX) <colleen.mccarthy@usdoj.gov>

Good morning Nick,

I am writing to confirm our meeting tomorrow at 10 AM at 1200 First Street NE, Washington, DC 20002.

Please call me from the lobby at 202-803-1608 and an IRS-CI agent will escort you upstairs.

Please also confirm who will be attending. We look forward to meeting with you.

Best,
Leslie

---

**From:** Nicholas Sitterly <nick.sitterlylawfirm@gmail.com>
**Sent:** Wednesday, September 13, 2023 1:41 PM
**To:** Goemaat, Leslie (USADC) <LGoemaat1@usa.doj.gov>
**Cc:** Davis, Nanette L. (TAX) <Nanette.L.Davis@usdoj.gov>; McCarthy, Colleen (TAX) <Colleen.McCarthy@usdoj.gov>
**Subject:** Re: [EXTERNAL] Re: Meeting

That should work.

On Wed, Sep 13, 2023 at 11:40 AM Goemaat, Leslie (USADC) <Leslie.Goemaat@usdoj.gov> wrote:

> Hi Nick,
>
> I just surveyed the team and Tuesday, October 3 works for us. We can finalize the details later, but in light of the time change for you, I would suggest we start around 10 AM. Let us know if that works and we will hold that day for you.
>
> Leslie
>
> Leslie A. Goemaat
> Assistant United States Attorney

Response in Opposition to Detention Motion
Exhibit D 1

Tax Fraud Coordinator

Fraud, Public Corruption, and Civil Rights Section

U.S. Attorney's Office for the District of Columbia

601 D St NW, Room 5.1521

Washington, DC 20530

202-803-1608 (c)

Leslie.Goemaat@USDOJ.gov

---

**From:** Nicholas Sitterly <nick.sitterlylawfirm@gmail.com>

**Sent:** Wednesday, September 13, 2023 1:27 PM

**To:** Goemaat, Leslie (USADC) <LGoemaat1@usa.doj.gov>

**Cc:** Davis, Nanette L. (TAX) <Nanette.L.Davis@usdoj.gov>; McCarthy, Colleen (TAX) <Colleen.McCarthy@usdoj.gov>

**Subject:** [EXTERNAL] Re: Meeting

Sorry for the delay Leslie. The soonest I could arrive would be the first week of October. Is that workable for you?

On Tue, Sep 12, 2023 at 11:19 AM Goemaat, Leslie (USADC) <Leslie.Goemaat@usdoj.gov> wrote:

> Hi Nick,
>
> Following up on your recent request, we would be willing to sit down with you and go over a sampling of the evidence implicating your client and Mr. Gallagher in the crimes under investigation. Please let us know your availability to meet with us in D.C. in the next few weeks.
>
> Thanks,
> Leslie
>
> Leslie A. Goemaat
> Assistant United States Attorney
> Tax Fraud Coordinator
> Fraud, Public Corruption, and Civil Rights Section
> U.S. Attorney's Office for the District of Columbia
> 601 D St NW, Room 5.1521
> Washington, DC 20530
> 202-803-1608 (c)
> Leslie.Goemaat@USDOJ.gov

# RE: [EXTERNAL] Olson: 18 usc 2701

From:   Goemaat, Leslie (USADC) <leslie.goemaat@usdoj.gov>
  To:   Nicholas Sitterly <nick.sitterlylawfirm@gmail.com>, Davis, Nanette L. (TAX) <nanette.l.davis@usdoj.gov>

Hi Nick – We did not include 18 USC 2701. We did have 26 USC 7201 (tax evasion), so I suspect it was just a transposed number in your notes. Please let me know if you have any other questions.

Thanks,

Leslie

**From:** Nicholas Sitterly <nick.sitterlylawfirm@gmail.com>
**Sent:** Tuesday, October 10, 2023 1:10 PM
**To:** Davis, Nanette L. (TAX) <Nanette.L.Davis@usdoj.gov>; Goemaat, Leslie (USADC) <LGoemaat1@usa.doj.gov>
**Subject:** [EXTERNAL] Olson: 18 usc 2701

Leslie I just wanted to clarify, did the offenses you intend to charge include this statute? I had it in my notes as a charge at the bottom of your list and just wanted to confirm. If that is one of your intended charges, could you help me understand your theory on that offense?

Response in Opposition to Detention Motion
Exhibit E 1